GOON, Appellant, v. PROCTOR et al., Respondents.

(No. 1,495.)

(Submitted March 18, 1903.  Decided March 27, 1903.)

*Water Rights—Abandonment—Findings—Harmless Error.*

1. Evidence examined, and *held* to sustain a finding that whatever right decedent had acquired by prior appropriation to the use of the waters of certain springs had been abandoned.
2. Where the court finds that plaintiff's alleged water right had been abandoned, such finding is conclusive of the plaintiff's right, and she is not prejudiced though certain of the findings in favor of defendant are outside the issues made by the pleadings.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

Action by Barbara A. Goon, administratrix of Jonathan Goon, deceased, against I. O. Proctor and Lucy D. Pinney. Decree for defendants, and plaintiff appeals. Affirmed.

*Mr. C. H. Benton,* for Appellant.

Cited: *Sturr* v. *Beck,* 133 U. S. 541, 10 Sup. Court Rep. 350; *Broder* v. *Water Co.,* 101 U. S. 276; *Williams* v. *Harter,* 121 Cal. 48; *Witherspoon* v. *Duncan,* 4 Wall. 218; Black's Pomeroy on Water Rights, Sec. 30; *Curtis* v. *La Grange Water Co.,* 20 Ore. 34; Thompson on Homesteads and Exemptions, 231; *Wilson* v. *Proctor,* 28 Minn. 16; *Shemliffer* v. *The Peerless Mill Co.,* 18 Kan. 24; *Ferrin* v. *Merrick,* 41 N. Y. 319; *Richardson* v. *Palmer,* 25 Mo. App. 480; Schouler's Ex. and Adm.; Sec. 242; *Meyendorf et al.* v. *Frohner et al.,* 3 Mont. 321.

*Mr. Ransom Cooper,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought for the purpose of having determined the relative priority of the rights of the plaintiff and the defendants to the use of the water of certain springs situate upon sections 3 and 4 of township 19 north, range 4 east, in the county of Cascade. Plaintiff claims a prior right to it under an appropriation which she alleges was made by her deceased husband, Jonathan Goon, in the year 1883 for use upon the northwest quarter of section 34, township 20 north, range 4 east, and by diversion and continuous use of it by her said husband and herself as his representative up to the bringing of the present action, except when the use was interrupted by the unlawful acts of the defendants. The cause of action alleged is the unlawful diversion of the water by the defendants during the year preceding June 29, 1898, the date at which the action was commenced. The prayer of the complaint is for a perpetual injunction restraining the alleged wrongful diversion. The defendants deny the alleged appropriation by the plaintiff's predecessor either at the date alleged in the complaint or at any other time. They also deny that either the plaintiff or her predecessor ever used said water for any purpose, or that by any act of either of them any right to the use of it was ever acquired adverse to that of the defendants. They then proceed to allege an exclusive right to the use of it in the defendant Pinney through her predecessor in interest, one Paul T. Rumsey, who, it is alleged, appropriated it all in the year 1891 for use upon the south half of the northeast quarter and lots 3 and 4 of section 3 in township 19 north, range 4 east, in said county. It is alleged that, as soon as such appropriation was made, said Rumsey diverted the water for domestic and agricultural purposes; that it thus became appurtenant to the said lands; that the defendant Pinney acquired the lands and water by mesne conveyances from said Rumsey; that she has continuously used it upon the lands for the purposes for which it was appropriated and diverted; and that the defendant Proctor has no interest

in it, and has not used it except under her direction as her agent. As an additional defense it is alleged that, if any right was ever acquired by Jonathan Goon, the predecessor of plaintiff, it was abandoned by him during his lifetime, and long before the purchase of her said lands by the defendant Pinney, and that the plaintiff never used it, nor asserted any right to it, until the commencement of this action. The trial resulted in findings in favor of the defendants, and a decree establishing the claim of the defendant Pinney in accordance with her allegations in the answer. The plaintiff has appealed from the judgment and an order denying her a new trial.

The principal controversy at the trial was upon the issue of abandonment of his right to the use of the water by Jonathan Goon in his lifetime, and the principal assignment of error in this court is that the evidence submitted upon this issue is not sufficient to justify the court's findings. We have carefully examined the evidence, and find that it is amply sufficient to sustain the findings on this issue. It tends to show that Jonathan Goon made an appropriation in 1883, as alleged in the complaint, and that thereafter he made some use of the water upon the land now held by the plaintiff for agricultural and domestic purposes; but that subsequently, upon a settlement by Paul T. Rumsey, a son-in-law, upon the land thereafter acquired by defendant Pinney, Goon abandoned such use, allowing his ditches and flumes to fall into disrepair and become filled up, so that they would not convey water at all. It further tends to show that these ditches and flumes remained in this condition until a short time before the present action was brought, and that the plaintiff herself on several occasions prior to the acquisition of the lands of Paul T. Rumsey by the defendant Pinney declared that she made no claim through the right acquired by her husband because he had made no claim at any time subsequent to the settlement upon the said lands by Paul T. Rumsey. This evidence we think sufficient to justify the conclusion by the court that whatever right Goon acquired in his lifetime had been abandoned long before his death.

Complaint is made that some of the findings touching the

appropriation and diversion of the water by the defendant Pinney or her predecessor are outside of the issues made by the pleadings, and that the judgment should be reversed for this reason. Conceding this to be the case, such error was not prejudicial to the claim asserted by the plaintiff, for, if her husband, Jonathan Goon, abandoned any right acquired by him during his lifetime, then the finding of the court in that particular is conclusive of the plaintiff's rights, and it is of no moment to her whether the other findings in the case are within or without the issues. We find no prejudicial error committed by the court in the trial upon this main issue.

The judgment and order are affirmed.

*Affirmed.*